Rossell, J.
Blackstone, in his Commentaries, after passing the highest encomiums on the trial by jury, lays down the following facts and principles: “ The exertion of the superintending power of the king’s courts, in granting new trials, is of a date extremely ancient, yet they were not granted but with the greatest caution. But this strictness .of the courts of law having driven many parties into courts of equity, to be relieved [434] from oppressive verdicts, they have become more liberal in granting them. Next to doing right, the great object in the administration of public justice, should be to give public satisfaction. If the verdict be liable to many doubts and objections in the opinion of counsel, or even in the o,pinion of bystanders, no party would go away satisfied unless he had a prospect of reviewing it. Such doubts would, [*] with him, be' decisive, he would arraign the determination as manifestly unjust, and abhor a tribunal which he imagined had done him an injury, without a possibility of redress, New trials are proved by long experience, to be the shortest, cheapest, and most efficient cure for all imperfections in the verdict, whether they *167 arise from the mistakes of the parties, their counsel or attorneys, or even of the judge or jury. But courts do not lend too easy an ear to applications for new trials: where the value is inconsiderable, or for nice and formal distinctions, &e., they will not direct them; there must be strong probable ground to suppose that the decision is not agreeable to the justice and truth of the case.” “ Time has brought to perfection this easy and beneficial remedy, and the maxim now adopted is, that where justice is not done in cases of moment upon one tried, the injured party is entitled to another.”
Lord Mansfield, in 1 Bladcstone’s Rep. JiBj, speaking generally of new trials, says, “ they are most beneficial for the furtherance of justice, and ought to be granted with great latitude.” The foregoing, in my opinion, contains the true principles by which courts at this day should be regulated on all applications of this nature: they appear to be founded in justice, and matured and perfected by time and experience. I am well aware, that in eases of torts, the court will not interfere on account of the largeness of the damages, unless they are outrageously disproportioned to the wrong received, or to the situation and circumstances of the plaintiff or defendant, 2 Blade. Rep. 1326: or the jury actuated by passion, partiality, or prejudice, Cowper, 230. Yet although there are some cases of an extremely aggravated nature, where ten thousand dollars would not be disproportioned to the wrong received, and the circumstances of the parties, there are others were one hundred dollars would be outrageously so. It is a clear principle established in our books of law, that in all applications [*] of this nature, it is as necessary for the court to enter into the nature of the cause, the evidence and facts, the circumstances and situation of the parties, as for a jury; they are called upon on their oaths, to say whether j ustice has been done. In the present case I have no hesitation in saying, that the damages awarded by the jury, arc extravagantly disproportioned to *168 the wrong committed, [435] and to the situation and circumstances of the parties; and I am therefore of opinion, that a new trial be allowed.
Kirkpatrick, C. J.
Inclined to think, that under all the circumstances of the case”, the damages were excessive; and concurred with his brother, Rossell, in setting aside the verdict, and ordering a new trial on that ground.
Pennington, J.
This is an action for words, charging a felony, and no doubt they were grossly, slanderous. The defendant in his plea justified, alleging the words to be true. At the trial, the defendant failed to support his plea, but by way of mitigation of damages, offered to prove the manner and circumstances of speaking the words. This evidence was objected to by the plaintiff’s counsel, on this ground, that having justified, and undertaken to prove the words true, the defendant could not, after this, be permitted to go into the circumstances respecting the speaking, even in mitigation of damages; for by his plea, he had not only admitted that he spoke the words as charged in the declaration, but had deliberately repeated them, and spread them on the record. The judge, at the circuit, being of that opinion, refused the testimony.
It is true, that the defendant by his plea, admitted that he spoke the words in the manner as charged in the declaration, and therefore, could not go into the original transaction, as matter of defense. But I am not satisfied that he could not in mitigation of damages. There is a settled distinction between matter [*] of defense, which goes to the destruction of the action, and matter merely in mitigation of damage. Damage is a subject of sound discretion in the jury; to enable them to exercise that discretion with correctness, they ought to have before them all the attending circumstances; it certainly would make a difference with a discreet jury, whether the words were spoken in public assembly, or in a private room, in the presence of one or two persons; or *169 whether done of deliberate malice, or drawn from the defendant in the violence of passion, excited by abuse and ill treatment by the plaintiff at the time. It is said by the counsel for the plaintiff, that even if the words were not spoken of deliberate malice at the time, yet that the defendant has made them so, by deliberately repeating them in his plea. I do not think that it can be said, with legal propriety, that the plea constitutes any part of the cause of action; how far the jury may be justified in considering it as an aggravation in the assessment of damages, it is not necessary to give an opinion; for even if it is so, yet the speaking the words is the ground of the action, it is the injury complained of, and forms at least the principal [436] subject matter for the assessment of damages; therefore, that this evidence ought to have gone to the jury; for which reason, I think there ought to be a new trial.
As to the question raised by the defendant, on the ground of excessive damages, it is not necessary for me to give an opinion.
New trial ordered on payment of costs.
See S. C. Ibid. 814.
Cited in Hutchinson v. Coleman, 5 Halst. 74.